BRETTHOLZ-KRUMHOLZ CONSTRUCTION COMPANY, Respondent, *v.* CHARLES M. ROSENTHAL, Appellant, Impleaded with FLORENCE B. FRIEDLANDER, Defendant.

First Department, December 29, 1916.

Landlord and tenant — action by tenant for breach of agreement and lease by landlord — pleading — practice — motion to compel plaintiff to separately state and number causes of action.

Where, in an action by a tenant against a landlord, the complaint shows, *first,* a primary right claimed by the plaintiff to remove a building owned by it from the premises of the defendant, which right is alleged to have been breached; *second,* a right in the plaintiff under section 2256 of the Code of Civil Procedure to redeem the premises within a year after dispossession, which right is alleged to have been denied, and *third,* a right in the plaintiff, by reason of an alleged agreement, to a lien upon the premises for the cost of a building erected by him thereon, which lien is alleged to have been denied and violated, there are three separate and distinct causes of action which the defendant is entitled to have separately stated and numbered.

APPEAL by the defendant, Charles M. Rosenthal, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of October, 1916, denying appellant's motion to require plaintiff separately to state and number the causes of action set forth in the complaint.

*Jehial M. Roeder*, for the appellant.

*Francis J. Berman*, for the respondent.

PAGE, J.:

The complaint states that the defendant is owner in fee simple of certain real property situated in the city of New York; that the said defendant entered into a written agreement with the plaintiff whereby he leased to the plaintiff the said piece of land for a term of twenty-one years from the 1st of September, 1913, at certain yearly rentals therein provided; that by the terms of the lease it was agreed that plaintiff should erect upon the land a brick or cement building not less than one story in height, suitable for a motion picture theatre; that pursuant to the terms of the said agreement plaintiff duly erected the said motion picture theatre upon the premises; that under and pursuant to the terms of the said agreement the said building became the property of the plaintiff and the plaintiff was the sole owner thereof; that the cost to the plaintiff of constructing the said building was $25,000, which was its reasonable value. The complaint further alleges that on or about the 10th of September, 1914, the defendant did evict the plaintiff from the said premises and now is in the possession and occupation thereof. It is further alleged that on or about the 1st of September, 1914, the plaintiff demanded from the defendant the right to remove the building located on said premises, and the defendant refused in all respects to allow the plaintiff to remove the building and refused to pay the plaintiff for the same or for the value thereof, to the great loss and damage of the plaintiff.

It is further alleged that pursuant to the provisions of section 2256 of the Code of Civil Procedure where the tenant is evicted from the premises by summary proceedings and the unexpired term of the lease at the time of such possession exceeds five years at the time when the warrant is issued, the lessee may, at any time within one year after the execution of the warrant, pay or tender to the landlord all rent in arrears with interest thereon and costs and charges; that the plaintiff before the 10th of September, 1915, duly made a tender to the defendant of the full amount due to the defendant and was

thereupon entitled to possession of the demised premises under the lease, but the defendant refused to allow the plaintiff to enter upon the premises and refused to accept the tender of the full amount due under the lease in order to redeem the same.

After various repetitions and redundancies the complaint further alleges that at or about the time when the said lease was made it was expressly understood and agreed by and between plaintiff and the defendant that in the event that plaintiff should erect upon the land a building with appurtenances which should reasonably cost the sum of $20,000 or more, the landlord should give to the plaintiff and the plaintiff should have and be deemed to have a lien upon the land equal in amount to the reasonable cost of erecting the building, and the plaintiff should be deemed the owner of an undivided interest in the said land in such amount. It is then further alleged that the plaintiff's cost of erecting said building and the reasonable worth of the building was $25,000, and that the defendant has wrongfully taken possession of the premises and the building, refused to permit the plaintiff to remove the same, has made alterations to the building without plaintiff's consent and threatens to remove, destroy and demolish the same.

The relief demanded is *first*, that the cost to the plaintiff of the said building be ascertained; *second*, that the said cost be decreed to be an equitable lien upon the premises, which lien be foreclosed, and in the alternative, that the plaintiff have damages "sustained by reason of the facts set forth in this complaint."

The learned justice at Special Term determined that this complaint stated but a single cause of action. As stated by Judge WERNER in *Payne* v. *New York, S. & W. R. R. Co.* (201 N. Y. 436), quoting from Pomeroy on Code Remedies (4th ed. §§ 349, 350): "If the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which involves that right, the plaintiff has stated but a single cause of action. * * * On the other hand, if the facts alleged in the pleading show that the plaintiff is possessed of two or more distinct and separate primary rights, each of which has been invaded, or that the defendant has committed two or more distinct and separate wrongs, it follows inevitably, from the

foregoing principle, that the plaintiff has united two or more causes of action."

In the present case the complaint shows: *First*, a primary right claimed by the plaintiff to remove the building owned by it from the premises which is alleged to have been breached; *second*, a right in the plaintiff under section 2256 of the Code of Civil Procedure to redeem the premises within a year after dispossession, which right the plaintiff alleges has been denied it by the defendant; *third*, a right in the plaintiff by reason of an alleged agreement to a lien upon the premises for the cost of the building erected by it thereon, which lien the plaintiff alleges has been denied and violated. The complaint thus clearly sets forth three primary rights of the plaintiff, each of which has been violated, and demands relief for the violation of each of these rights. There can be no doubt, therefore, that the complaint states three separate and distinct causes of action which the defendant is entitled to have separately stated and numbered (Code Civ. Proc. § 483), and the motion of the defendant for that relief should have been granted.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.